Matter of Bermejo v Suquilanda (2022 NY Slip Op 01157)





Matter of Bermejo v Suquilanda


2022 NY Slip Op 01157


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.


2021-05262
 (Docket No. F-20757-14/19B)

[*1]In the Matter of Blanca Bermejo, respondent,
v
Miguel Suquilanda, appellant.


Nestor Soto, Astoria, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Dean T. Kusakabe, J.), dated July 14, 2021. The order directed that the father be placed on probation for a period of three years under certain conditions.
ORDERED that the order is affirmed, without costs or disbursements.
The mother, the custodial parent of the parties' children, commenced this proceeding alleging that the father was in willful violation of an order of child support. Following an inquest, the Support Magistrate issued an order of fact-finding upon the father's default, finding that the father's failure to pay child support was willful. In an order of disposition by default, the Support Magistrate recommended a term of incarceration of 90 days, a stay of incarceration upon the father paying the sum of $10,140, and referred the matter to the Family Court for confirmation pursuant to Family Court Act § 439(a).
On May 12, 2021, the father failed to appear for a hearing before the Family Court. In an order dated May 12, 2021, the Family Court confirmed the Support Magistrate's finding that the father had willfully failed to obey the order of child support. In an order of commitment dated May 12, 2021, the court committed the father to the custody of the New York City Department of Corrections for a period of 90 days unless he paid a purge amount of $15,000.
Subsequently, in an order dated June 16, 2021, the Family Court suspended the order of commitment and directed the father's release from the custody of the Queens County Sheriff.
Thereafter, on July 14, 2021, both the mother and the father appeared before the Family Court. The court noted that the father had made a $15,000 payment after the court had suspended the order of commitment. The mother requested that the father be placed on probation. In an order dated July 14, 2021, the court directed that the father be placed on probation for a period of three years, that he comply with the order of support during the probation period, and that he pay an unstated amount of money on a weekly basis toward the arrears owed.
The father appeals from the order dated July 14, 2021, arguing, among other things, that the Family Court was not permitted to place him on probation after committing him to the custody of the New York City Department of Corrections for a period of incarceration.
The Family Court has the discretion to suspend an order of commitment and to place a respondent on probation under such conditions as the court may determine (see Family Ct Act § 455[1]). Here, the order of commitment was suspended before the father made a payment in the sum of $15,000. Therefore, as the Family Court properly found, this payment could not be applied to the purge amount set forth in the order of commitment. Upon suspending the order of commitment, the court was permitted to place the father on probation for a period of three years pursuant to Family Court Act § 455(1).
The father's remaining contention is not properly before this Court.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court